United States District Court

Eastern District of California

Mauricio R. Munoz, Jr.,

      Petitioner,                    No. Civ. S 04-1658 LKK PAN P

  vs.                              Findings and Recommendations

John Marshall, Warden,

      Respondent.

-oOo-

Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondents move to dismiss. Petitioner opposes.

Upon conviction of sex offenses, petitioner was placed on probation, one condition of which was that he satisfactorily complete a sex-offender counseling program.

April 11, 2003, petitioner's probation was revoked for failing to complete the program and he was sentenced to 12 years in prison. Petitioner appealed and the appellate court affirmed.

1  Petitioner sought review in the California Supreme Court.
2 The court denied review.
3  Petitioner did not seek habeas corpus relief in state court.
4  A district court may not grant a petition for a writ of
5 habeas corpus unless "the applicant has exhausted the remedies
6 available in the courts of the State," or unless there is no
7 State corrective process or "circumstances exist that render such
8 process ineffective to protect the rights of the applicant."  28
9 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion
10 requirement by presenting the "substance of his federal habeas
11 corpus claim" to the state courts.  Picard v. Connor, 404 U.S.
12 270, 278 (1971) (no exhaustion where the petitioner presented
13 operative facts but not legal theory to state courts); see also
14 Duncan v. Henry, 513 U.S. 364, 365 (1995)(to exhaust a claim, a
15 state court "must surely be alerted to the fact that the
16 prisoners are asserting claims under the United States
17 Constitution").  A claim is unexhausted if any state remedy is
18 available.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999)
19 (petitioner must seek discretionary review from state court of
20 last resort); Roberts v. Arave, 874 F.2d 528, 529 (9th Cir.
21 1988)(no exhaustion where state supreme court referred
22 petitioner's appeal of trial court's denial of post-conviction
23 relief to lower appellate court and petitioner failed to appeal
24 lower court's disposition of that appeal to state supreme court).
25 A mixed petition, viz., one containing exhausted and unexhausted
26 claims, must be dismissed.  Rose v. Lundy, 455 U.S. 509 (1982).

1    Petitioner makes the following claims in the federal
2 petition: (1) revoking his probation was unfair because it was
3 based upon biased testimony of the sex-offender program director,
4 Dennis Bruce, who thought petitioner had not shown adequate
5 remorse and who accused petitioner's family of lying to cover up
6 petitioner's offenses; (2) revocation was unfair because Dennis
7 Bruce's testimony amounted to retaliation against petitioner for
8 petitioner's stating that for all he knew, Bruce could be a sex
9 offender; (3) the court unfairly disregarded evidence of Bruce's
10 bias, including testimony that accusing petitioner's family of
11 lying was a way of encouraging petitioner not to minimize his
12 offenses; (4) the sentencing court failed to consider that
13 petitioner sought therapy from a different counselor but was
14 refused because he did not have the court's permission.
15    In the California Supreme Court, petitioner claimed Bruce's
16 testimony, based solely upon a desire to retaliate against
17 petitioner for suggesting Bruce could be a sex offender and
18 immediately following the development of a personal conflict
19 between the two, was insufficient to justify revoking
20 petitioner's probation.
21    Petitioner did not in the California Supreme Court assert
22 Bruce's accusations of dishonesty evidenced bias against him or
23 challenge the sentence imposed. Accordingly, the petition
24 contains exhausted and unexhausted claims.
25    For these reasons, petitioner should be permitted 60 days to
26 file a motion to stay this action and hold it in abeyance

1  while he exhausts his other claims.  See Ford v. Hubbard, 330
2  F.3d 1086 (9th Cir. 2003); Calderon v. U.S. District Court for
3  N.D. Cal. (Taylor), 134 F.3d 981 (9th Cir. 1998).
4      Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
5  findings and recommendations are submitted to the United States
6  District Judge assigned to this case.  Written objections may be
7  filed within 20 days of service of these findings and
8  recommendations.  The document should be captioned "Objections to
9  Magistrate Judge's Findings and Recommendations."  The district
10 judge may accept, reject, or modify these findings and
11 recommendations in whole or in part.
12     Dated:  April 26, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge