IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICIO R. MUNOZ,

    Petitioner,                    No. CIV S-04-1658 LKK PAN P

    vs.

JOHN MARSHALL, Warden,

    Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In findings and recommendations filed April 27, 2005, the court found that petitioner's application contained both exhausted and unexhausted claims. The court recommended that petitioner be granted a period of sixty days in which to file a motion to stay this action and hold it in abeyance pending exhaustion of state remedies. By order filed July 12, 2005, the findings and recommendations were adopted in full and petitioner was granted a period of sixty days in which to file a motion for stay and abeyance.

        On July 25, 2005, petitioner filed a document which was docketed in this action as an amended petition. On September 8, 2005, respondent moved to dismiss the amended petition on the ground that none of the claims raised therein are exhausted. Review of the pleading filed July 25, 2005 shows that it is in fact a copy of a state petition for writ of habeas corpus filed in

the Yuba County Superior Court.  Good cause appearing, the Clerk of the Court will be directed to change the docket entry accordingly.  Respondent's motion to dismiss will be deemed withdrawn.[1]

On December 22, 2005, petitioner has filed a motion to stay these proceedings pending exhaustion of state remedies as to unexhausted claims.  Respondent has filed a statement of non-opposition to the motion.  Good cause appearing, the motion will be granted.  Petitioner will be directed to file, within thirty days after final disposition of his claims by the California Supreme Court, a motion to lift the stay and, as appropriate, a motion for leave to file an amended petition together with a proposed amended petition containing all of the claims petitioner seeks to raise in this action.

On December 22, 2005, petitioner filed a motion for appointment of counsel and a motion for leave to proceed in forma pauperis.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Petitioner's motion for appointment of counsel will therefore be denied without prejudice.

Petitioner paid the filing fee for this action and there are at present no additional costs associated with prosecution of this habeas corpus action in this court.  Accordingly, petitioner's motion for leave to proceed in forma pauperis will be denied without prejudice to its renewal, as appropriate, at a later stage of these proceedings.

/////

---

[1] In his statement of non-opposition to petitioner's request for stay, respondent recognizes that the document filed July 25, 2005 is in fact a copy of a state court petition.  See Notice of Non-Opposition to Motion for Stay and Abeyance, filed January 11, 2006, at 2 n.1.

Finally, on July 8, 2005, petitioner filed a motion for bail or release on his own recognizance. In view of the stay of this action, petitioner's motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to correct docket entry # 17 to reflect that the petition described in that entry is a copy of a petition for writ of habeas corpus filed in the Yuba County Superior Court;

2. Respondent's September 8, 2005 motion to dismiss is deemed withdrawn.

3. Petitioner's July 8, 2005 motion for bail or release on his own recognizance is denied;

4. Petitioner's December 22, 2005 motion for appointment of counsel is denied without prejudice;

5. Petitioner's December 22, 2005 motion for leave to proceed in forma pauperis is denied without prejudice;

6. Petitioner's December 22, 2005 motion for stay is granted;

7. This action is stayed until further order of court;

8. Not later than thirty days after final disposition of petitioner's claims by the California Supreme Court, petitioner shall file and serve a motion to lift the stay; and

9. The Clerk of the Court is directed to administratively close this case.

DATED: February 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
muno1658.sty

3