1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICIO R. MUNOZ,

11           Petitioner,                    No. CIV S-04-1658 LKK EFB P

12       vs.

13   KEN CLARK, Warden,                     FINDINGS AND RECOMMENDATIONS

14           Respondent.[1]

15   _____/

16       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17   U.S.C. § 2254. This action proceeds on his April 20, 2007, amended petition. Currently before

18   the court is respondent's motion to dismiss on the ground that the petition is untimely. For the

19   reasons explained below, the court finds that the amended petition is untimely and that the

20   motion must be granted.

21   **I.    Procedural History**

22       Petitioner was convicted of sex offenses and placed on probation. Pet., at 1. One

23   condition of his probation was that he satisfactorily complete a sex-offender counseling program.

24

25       [1] Ken Clark replaced John Marshall as the warden at the California Substance Abuse
     Treatment Facility and State Prison, where petitioner is housed. Accordingly, Warden Clark is
26   substituted in place of John Marshall as the respondent in this matter. *See* Fed. R. Civ. P. 25(d).

1

1   Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lod. Doc.") 1, at 1-2.  On April 11,

2   2003, the Yuba County Superior Court found that plaintiff failed to comply with this condition,

3   and issued an order revoking petitioner's parole, imposing a 12-year prison term for the

4   underlying conviction.  Pet'r's Opp'n, at 61-64.  On August 3, 2003, plaintiff appealed.  Lod.

5   Doc. 1.  The appellate court affirmed the judgment on March 5, 2004.  Lod. Doc. 4.  On April 6,

6   2004, petitioner sought review in the California Supreme Court.  Lod. Doc. 5.  He contended that

7   the testimony of a witness named Dennis Bruce was based solely on a desire to retaliate against

8   petitioner for suggesting that Bruce could be a sex offender.  Petitioner claimed that Bruce's

9   testimony was given immediately following the development of a personal conflict between the

10  two and was insufficient to justify revoking petitioner's parole.  Lod. Doc. 5. On May 17, 2004,

11  the California Supreme Court denied the petition for review.  Lod. Doc. 6.

12        Petitioner filed his initial petition in this court on August 23, 2005.  He alleged the

13  following grounds for relief: (1) that revoking his probation was unfair because it was based

14  upon biased testimony by the sex-offender program director, Dennis Bruce, who thought

15  petitioner had not shown adequate remorse and who accused petitioner's family of lying to cover

16  up petitioner's offenses; (2) that revocation was unfair because Dennis Bruce's testimony

17  amounted to retaliation against petitioner for petitioner's stating that for all he knew, Bruce

18  could be a sex offender; (3) that the court unfairly disregarded evidence of Bruce's bias,

19  including testimony that accusing petitioner's family of lying was a way of encouraging

20  petitioner not to minimize his offenses; and (4) that the sentencing court failed to consider that

21  petitioner sought therapy from a different counselor but was refused because he did not have the

22  court's permission.  Respondent moved to dismiss that petition on the ground that petitioner

23  failed to exhaust available state remedies.  On July 12, 2005, this court found that petitioner did

24  not exhaust his claims that Dennis Bruce's testimony was motivated by bias or that the trial court

25  failed to consider relevant facts when it imposed sentence.  The court gave petitioner 60 days to

26  file a motion to stay this action and hold it in abeyance while he exhausted these claims.  *See*

1  July 12, 2005, Order.  The court also informed petitioner that if he failed to seek stay and

2  abeyance, respondent's motion would be granted.

3       On July 15, 2005, petitioner filed petition a for a writ of habeas corpus in the Yuba

4  County Superior Court.  Lod. Doc. 7.  That petition was dismissed without prejudice on August

5  31, 2005 because petitioner did not complete a standard form petition, and thus failed to provide

6  "information the Court requires to rule upon the Petition."  Lod. Doc. 8.  Petitioner filed a

7  second petition for a writ of habeas corpus in that court on September 29, 2005, asserting the

8  following claims: (1) his trial counsel was ineffective; (2) his plea was involuntary; (3) petitioner

9  was not competent to proceed at the time of the plea; (3) petitioner's sentence violates state law.

10  Lod. Docs. 7, 9.  On  November 23, 2005, the trial court denied relief stating, "[t]he Court is

11  convinced that the waiver by the defendant of his rights [admitting the probation violation] was

12  done intelligently, knowingly, and voluntarily and that there was a factual basis for the plea."

13  Lod. Doc. 10.

14       Petitioner delayed, however, in seeking to invoke the stay-abeyance procedure.

15  Therefore, on November 9, 2005, the court ordered him to file a motion to stay this action, and

16  warned him that if he did not do so the court would strike the unexhausted claims and allow the

17  action to proceed on the exhausted claims only.  Thus, on December 22, 2005, petitioner moved

18  to have these proceedings stayed and held in abeyance while he presented his unexhausted

19  claims to the state courts.  On March 1, 2006, this court granted petitioner's motion to stay this

20  action and hold it in abeyance.

21       On June 30, 2006, petitioner filed a habeas petition in the state appellate court.  Lod.

22  Doc. 11.  As grounds for relief, petitioner alleged the following: (1) trial counsel was ineffective

23  by failing to investigate, to move to suppress inculpatory evidence, and failing to communicate

24  information necessary for petitioner intelligently to decide whether to enter a plea of guilty; (2)

25  trial counsel's ineffectiveness resulted in petitioner entering a plea of guilty that was not

26  voluntary; (3) petitioner's plea of guilty was involuntary because the prosecution lacked

3

1  evidence to prove the charges beyond a reasonable doubt; (4) the officer who administered the

2  warnings required by *Miranda v. Arizona*, 384 U.S. 436, 471-75 (1966), lied to petitioner by

3  promising that petitioner's statement would be used only for investigative purposes and not to

4  obtain a conviction; (5) the 12-year sentence imposed upon the violation of his probation violates

5  the plea agreement, which provided for a 6-year prison term; (6) there was insufficient basis for

6  revoking petitioner's probation because the trial judge failed to consider whether there was an

7  appropriate sanction other than imprisonment.  Lod. Doc. 11.  That court summarily denied relief

8  on July 20, 2006.  Lod. Doc. 12.  On August 8, 2006, petitioner filed a habeas petition in the

9  California Supreme Court.  Lod. Doc. 13.   He relied on the same grounds asserted in the petition

10  filed in the appellate court.  *Id*.  On March 14, 2007, the California Supreme Court summarily

11  denied relief.  Lod. Doc. 14.

12  On April 20, 2007, petitioner filed an amended petition in this court.  That petition

13  alleges that: (1) his trial counsel was ineffective; (2) his plea was involuntary; (3) petitioner was

14  not competent to proceed at the time of the plea; and (3) his sentence violates state law.

15  **II.     Standards**

16  A one-year limitation period for seeking federal habeas relief begins to run from the

17  latest of the date the judgment became final on direct review, the date on which a state-created

18  impediment to filing is removed, the date the United States Supreme Court makes a new rule

19  retroactively applicable to cases on collateral review or the date on which the factual predicate of

20  a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

21  § 2244(d)(1).  The judgment on direct review becomes final when the 90 day limit for filing a

22  petition for certiorari expires.  *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).  A "properly

23  filed" state post conviction application tolls the statute of limitations as long as that application

24  remains "pending." 28 U.S.C.§ 2244(d)(2).  An application is properly filed when it is delivered

25  to and accepted by a court clerk  "in compliance with the applicable laws and rules governing

26  filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Among the rules governing filings with which a

1   petitioner must comply are those addressing the "form of the document," independent of whether

2   the claims have merit or might be subject to dismissal pursuant to a procedural defense. *Artuz*,

3   531 U.S. at 8-9.   In California, a properly filed post conviction application is "pending" during

4   the intervals between a lower court decision and filing a new petition in a higher court. *Carey v.*

5   *Saffold*, 536 U.S. 214, 223 (2002).   A federal habeas application does not toll the limitations

6   period under 28 U.S.C. § 2244(d)(2).   *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

7   Petitioner has the burden of showing facts entitling him to statutory tolling.  *Smith v. Duncan*,

8   297 F.3d 809, 814 (9th Cir. 2002)

9   **III.    Analysis**

10   Affording petitioner 90 days from May 17, 2004, when the California Supreme Court

11   denied his petition for review, petitioner's conviction was final on August 15, 2004.  He

12   therefore had until August 10, 2005, to file a federal habeas petition.  Thus, as respondent

13   concedes, the initial petition, filed August 9, 2004, was timely.[2]   Instead, respondent makes two

14   arguments.  First, the April 20, 2007, amended petition is untimely because petitioner is not

15   entitled to tolling adequate to bring the amended petition within the limitation period.  Second,

16   the amended petition does not relate back to the initial petition.  Petitioner's opposition to the

17   motion addresses the merits of his claims rather than the timeliness of his petition.  As explained

18   below, the amended petition is untimely.

19   With respect to tolling, a pending federal habeas petition does not toll the limitation

20   period under 28 U.S.C. § 2244(d)(2).  *Duncan*, 531 U.S. at 181-82.  Therefore, the fact that

21   petitioner had a timely habeas application pending while he exhausted available state remedies

22   does not, in and of itself, make the amended petition timely.  Only petitioner's applications for

23   state habeas relief can toll the limitations period.  Based upon the above dates, petitioner filed his

24

25      [2] Where discernible, the court deems petitioner's applications filed on the date he delivered them to prison officials to be mailed to the court. *See Houston v. Lack*, 487 U.S. 266,

26   276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court).

1 initial federal habeas petition one day before the limitation period expired.  To avail himself of

2 statutory tolling, therefore, he must have properly filed a state habeas petition no later than

3 August 10, 2005, one day after filing the federal petition.  Petitioner filed a state habeas petition

4 on July 15, 2005, nearly one month *before* the limitations period expired.  However, it was

5 dismissed without prejudice because petitioner did not use the correct forms, thus failing to

6 provide the court with information necessary to know whether it could reach the merits.  In other

7 words, the July 15, 2005, petition was not "properly filed" under 28 U.S.C. § 2244(d)(2); *Artuz* ,

8 531 U.S. at 8-9.  Thus, it did not toll the limitations period.  It was not until July 29, 2005, 49

9 days after the limitations period expired, that petitioner properly filed a habeas petition to the

10 state court.  This state habeas petition provides no basis for tolling under 28 U.S.C. § 2244(d)(2)

11 because it was filed after the limitation period expired.  *See Fergusun v. Palmateer*, 321 F.3d

12 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period

13 when it expires before a timely state petition for post-conviction relief was filed).  The rule of

14 *Saffold* is dependent upon a petitioner having filed the initial state post-conviction motion before

15 the limitations period expired.  Since the limitations period expired before petitioner filed his

16 initial state post-conviction motion, it does not matter whether he thereafter properly utilized the

17 state's post-conviction procedures.  Accordingly, petitioner is not entitled to tolling sufficient to

18 save his amended petition from dismissal as untimely.

19      There remains the question, however, of whether petitioner's amended petition asserts

20 claims that relate back to the date of the original pleading.  If they do, they are deemed timely.

21 Fed. R. Civ. P. 15(c)(2).  A claim in an amended pleading  will be found to relate back if

22      The claim or defense asserted in the amended pleading arose out of the conduct,
        transaction or occurrence set forth or attempted to be set forth in the original
23      pleading . . . .

24 Fed. R. Civ. P.(c)(2).  In a habeas action, the original pleading is the initial habeas petition.

25 *Fayle v. Felix*, 545 U.S. 644, 655 (2005).  New claims satisfy Rule 15(c)(2) if they arise from a

26 "common core of operative facts" as the timely filed claims.  *Felix*, 545 U.S. at 664.  Otherwise

6

1  stated, an amended petition "does not relate back . . . when it asserts a new ground for relief

2  supported by facts that are different in both time and type from those the original pleading set

3  forth." *Id.*, at 650.  Having compared the claims in the initial petition and in the amended

4  petition, the court finds that none of the claims in the amended petition relate back to the initial

5  petition.  As noted above, petitioner alleged the following in the initial petition: (1) revoking his

6  probation was unfair because it was based upon biased testimony of the sex-offender program

7  director, Dennis Bruce, who thought petitioner had not shown adequate remorse and who

8  accused petitioner's family of lying to cover up petitioner's offenses; (2) revocation was unfair

9  because Dennis Bruce's testimony amounted to retaliation against petitioner for petitioner's

10  stating that for all he knew, Bruce could be a sex offender; (3) the court unfairly disregarded

11  evidence of Bruce's bias, including testimony that accusing petitioner's family of lying was a

12  way of encouraging petitioner not to minimize his offenses; (4) the sentencing court failed to

13  consider that petitioner sought therapy from a different counselor but was refused because he did

14  not have the court's permission.  The amended federal petition alleges that: (1) his trial counsel

15  was ineffective; (2) his plea was involuntary; (3) petitioner was not competent to proceed at the

16  time of the plea; (3) petitioner's sentence violates state law.  Nowhere in the amended federal

17  petition does petitioner mention Dennis Bruce, biased testimony at the revocation hearing, or the

18  question of whether petitioner attempted to seek the therapy that he was required to obtain as a

19  condition of his probation.  The new claims simply do not relate back to the claims in the initial

20  petition.

21  **IV.     Conclusion**

22       For the reasons explained, petitioner is not entitled to statutory or equitable tolling that

23  would extend the limitation period to July 25, 2005, the date petitioner filed his amended

24  petition.  Neither has he included in his amended petition any claims that relate back to the

25  original petition.  Therefore, the April 20, 2007, petition is untimely and respondent's motion to

26  dismiss must be granted.

1       Accordingly, it is hereby RECOMMENDED that respondent's July 18, 2007, motion to

2   dismiss be granted and that this action be dismissed.

3       These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5   after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  February 21, 2008.

11  _____

12  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26